

Villanova University School of Law

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-4-2008

# USA v. Grant

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2885

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Grant" (2008). 2008 Decisions. Paper 1062.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1062

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-2885
_____

UNITED STATES OF AMERICA


v.

VERNON GRANT,

Appellant.

_____

On Appeal from the District Court of the Virgin Islands
(D.C. Criminal No. 04-cr-00077)
District Judge: Honorable Raymond L. Finch

_____

Submitted Under Third Circuit L.A.R. 34.1(a),
May 6, 2008

Before: RENDELL, FUENTES, and CHAGARES, Circuit Judges.

(Opinion Filed: June 4, 2008)

_____

OPINION OF THE COURT

_____

FUENTES, Circuit Judge:

Vernon Grant appeals his conviction following a jury trial on three counts of

conspiracy to possess with intent to distribute cocaine, conspiracy to import heroin and

possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841, 952, 960

and 18 U.S.C. § 2. Grant was sentenced to 168 months imprisonment, 5 years of supervised release and ordered to pay a special assessment of $300. Grant challenges his conviction, alleging (1) that the government's failure to disclose his original passport violated his "rights to present a defense, to compulsory process and to due process" and the District Court's suppression of the passport was arbitrary and (2) that the District Court "violated [his] Fifth Amendment right to due process and his Sixth Amendment right to a jury trial" by giving an erroneous reasonable doubt jury instruction that unconstitutionally lowered the government's burden of proof.[1] Appellant Br. at 1-2. We conclude that Grant's arguments are without merit. Therefore, we will affirm the conviction.[2]

Because we write for the parties, we recite only the facts essential to our decision. The indictment alleged that Grant conspired with others to import controlled substances into the U.S. from St. Maarten and Anguilla using female couriers. The couriers transported the cocaine in large Coleman coolers filled with fish and ice. During jury selection, in response to defense counsel's request, the District Court ordered the

---

[1]Specifically, Grant argues under Sullivan v. Louisiana, that a constitutionally deficient jury instruction that lowers the government's beyond a reasonable doubt burden of proof violates a defendant's Sixth Amendment right to a jury trial. 508 U.S. 275, 277-82 (1993). In Sullivan, the Supreme Court held that "the jury verdict required by the Sixth Amendment is a jury verdict of guilty beyond a reasonable doubt." Id. at 282. The Court explained "that the Fifth Amendment requirement of proof beyond a reasonable doubt and the Sixth Amendment requirement of a jury verdict are interrelated." Id.

[2]We have jurisdiction under 28 U.S.C. § 1291. The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.

government to produce Grant's passport.  Grant sought production of his passport to establish that he was not in Anguilla on certain dates alleged by his co-conspirators.  In response, and because the original was not available, the government produced a complete copy.  The copy produced reflected that Grant entered Anguilla on June 21, 2003.  The District Court observed, however, that the acts involving Grant in St. Maarten, occurred prior to June 21, and before he had been to Anguilla.  As a result, the District Court denied admission of the passport after finding that the entries were not relevant.

Grant's first argument is that the government violated his due process rights when it failed to comply with the District Court's order to produce his original passport, which it had taken from him at the time of his arrest.  Exercising plenary review over Grant's alleged constitutional violations, we find these arguments unconvincing.  See United States v. Tyler, 281 F.3d 84, 90 (3d Cir. 2002).  We note two problems with Grant's contention.  First, he conceded that the copies provided by the government were complete and could have been used at trial without causing prejudice.  Next, Grant did not raise any issue of authenticity with respect to the copy of the passport.  See Fed. R. Evid. 1003 ("A duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original").  We also note that the government did not have the original passport in its possession and thus did not withhold its production in bad faith.  Accordingly, we conclude that government's disclosure of a complete and accurate

copy of Grant's passport, in lieu of the original, did not amount to a violation of his due process rights.

We also conclude that once the District Court determined the copy of the passport was sufficient, it properly denied admission. Grant asserts that he sought to use the passport to establish that he was not in Anguilla on certain dates alleged by his co-conspirators. Grant's passport was stamped on June 21, 2003 upon his entry to Anguilla. However, the testimony by one of his co-conspirators about Grant's involvement in the conspiracy implicated him before his entry into Anguilla and placed him in St. Marteen, thus making the passport entry irrelevant. Another co-conspirator testified that he spoke to Grant during a call which he placed to Anguilla in September 2003, which is corroborated by the passport. We are satisfied that the District Court did not abuse its discretion in excluding the passport.

Grant's second argument is that the District Court's "two-inference" reasonable doubt jury instruction was erroneous because it lowered the government's burden of proof.[3] While we disapproved of the "two-inference" instruction in United States v. Jacobs, 44 F.3d 1219, 1226 & n.9 (3d Cir. 1998), we did not hold the instruction constitutionally deficient *per se*. Even more significant, after Jacobs, we held that an

---

[3]Specifically, the District Court explained the standard of reasonable doubt and the government's burden. The District Court's further instructed the jury that if the evidence supported two inferences, one of guilt, the other of innocence, Grant should be found not guilty.

almost verbatim jury instruction as the one given by the District Court in this case was not constitutionally deficient. See U.S. v. Isaac, 134 F.3d 199, 202-05 (3d Cir. 1998). As we stated in Isaac, the jury instruction adequately stated the government's burden and that it never shifted to the defendant. It also explained that a reasonable doubt was a high standard but not an absolute certainty. Thus, we conclude that Grant's argument that the jury instruction violated his right to due process and right to a jury trial has no merit.

For the foregoing reasons, the judgment of conviction will be affirmed.